■ SOUNDWALL CONSTRUCTION CORP., Respondent, v. MERRICK SPONSOR CORP. et al., Appellants. — Judgment of the Supreme Court, Queens County, entered January 17, 1967, affirmed insofar as appealed from, without costs. While it may have been ill-considered for the Trial Justice to interject his private knowledge into the case and while he may have taken too active a part in the trial, the result was correct and no substantial right of appellants was prejudiced (CPLR 2002). Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ UNIVERSAL OVEN COMPANY INCORPORATED, Appellant, v. RICHARD H. WILLIAMS et al., Respondents. (Action No. 1.) RICHARD H. WILLIAMS, Respondent, v. ROBERT W. WILLIAMS, Appellant, et al., Defendant. (Action No. 2.) — In consolidated appeals, plaintiff in Action No. 1 appeals from an order of the Supreme Court, Queens County, dated June 12, 1967, which denied its motion for partial summary judgment; and defendant Robert W. Williams in Action No. 2 appeals from so much of an order of the same court dated August 21, 1967 as, upon resettlement of a prior order, denied a motion, insofar as made by him, for summary judgment dismissing the complaint. Order in Action No. 1 affirmed and order in Action No. 2 affirmed insofar as appealed from, with $10 costs and disbursements in each appeal. No opinion. Christ, Rabin and Munder, JJ., concur; Beldock, P. J., concurs in result, although he adheres to the views stated in the dissent in *Williams* v. *Williams* (27 A D 2d 550). Hopkins, J., concurs in the affirmance of the order in Action No. 1 and concurs in result in the affirmance as to the order in Action No. 2, with the following memorandum: I am constrained under the authority of *Williams* v. *Williams* (27 A D 2d 550) to sustain the validity of the complaint, though I adhere to the views stated in the dissent therein. In addition, I am of the opinion that actual malice (as distinguished from implied malice) was not sufficiently shown to justify a submission of that issue to the jury (cf. *Shapiro* v. *Health Ins. Plan of Greater N.Y.*, 7 N Y 2d 56, 64; *Sheridan* v. *Crisona*, 14 N Y 2d 108, 114; *Gilberg* v. *Goffi*, 21 A D 2d 517, affd. 15 N Y 2d 1023). Appellant Robert W. Williams, at the least, had a qualified privilege to transmit a copy of the complaint in Action No. 1 to persons with whom the plaintiff in that action dealt; and falsity alone would not render him liable (*Loewinthan* v. *Le Vine*, 299 N. Y. 372, 375). I see no evidence here of "'personal spite or ill will, or culpable recklessness or negligence'", which are the *indicia* of actual malice (*Hoeppner* v. *Dunkirk Print. Co.*, 254 N. Y. 95, 106).